UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| FRANCISCO J. SANCHEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:15-cv-00406-JMS-MJD |
| ) | |
| SUNRISE RESTAURANT, INC, ) | |
| SEJADIN  AJROSKI, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

Presently pending before the Court is Plaintiff Francisco J. Sanchez's Motion for Default Judgment. [Filing No. 9.] Plaintiff asks the Court to enter default judgment against Defendants Sejadin Ajroski and Sunrise Restaurant. [Filing No. 9.] Six days after Plaintiff moved for default judgment, counsel entered an appearance on behalf of both Defendants. [Filing No. 10.] Defendants filed a Response in Opposition to the Motion for Default that same day, explaining that Mr. Ajroski is from Macedonia and did not realize that Plaintiff's Complaint was a formal legal pleading rather than just a letter from Plaintiff's counsel. [Filing No. 11.] Defendants have now filed an Answer to Plaintiff's Complaint on the Court's docket. [Filing No. 14.] Plaintiff did not file a reply in support of his Motion for Default Judgment.

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for a party seeking default judgment. *McCarthy v. Fuller*, 2009 WL 3617740, at *1 (S.D. Ind. 2009); *see also Lowe v. McGraw-Hill Companies, Inc.*, 361 F.3d 335, 339 (7th Cir. 2004) ("The Federal Rules of Civil Procedure make a clear distinction between the entry of default and the entry of a default judgment."). First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. Pro. 55(a). Second, after obtaining that entry, the plaintiff may seek an entry of default judgment. Fed.

R. Civ. Pro. 55(b). The plaintiff "is not permitted to bypass the necessary step of obtaining an entry of default" before seeking an entry of default judgment. *Golub v. United States Secret Serv.*, 2009 U.S. Dist. LEXIS 76756, *2-3 (S.D. Ind. 2009).

Plaintiff has not moved for a Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a), and his motion for default judgment can be denied on that basis alone. Even if Plaintiff had moved for Clerk's entry of default, however, Rule 55(a) provides that it is appropriate to enter it when a defendant "has failed to plead or otherwise defend . . . ." Defendants' opposition to Plaintiff's motion sufficiently explains their initial failure to answer Plaintiff's Complaint, and they are now represented by counsel and have filed an Answer to Plaintiff's Complaint on the Court's docket. For these reasons, Plaintiff's Motion for Default Judgment is **DENIED**. [Filing No. 9.]

Date: February 4, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution via CM/ECF:**

Robert Peter Kondras, Jr.
HUNT HASSLER KONDRAS & MILLER LLP
kondras@huntlawfirm.net

Scott Michael Kyrouac
WILKINSON GOELLER MODESITT WILKINSON & DRUMMY
smkyrouac@wilkinsonlaw.com